UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

XAVIER T. MCMILLIAN,

    Plaintiff,

v.                                   Case No. 4:24-cv-216-MW-MJF

DELDRON JONES, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that this case be dismissed because Plaintiff failed to comply with a court order and a show-cause order, and he failed to prosecute this action.

### I. BACKGROUND

Plaintiff is a Florida prisoner proceeding *pro se* and *in forma pauperis*. Plaintiff initiated this lawsuit on May 15, 2024, by filing a complaint alleging that three prison officials at the Jefferson Correctional Institution used excessive force. Doc. 1.

On August 28, 2024, the undersigned screened Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and determined that Plaintiff's allegations failed to state a plausible claim of excessive force.

Doc. 11. The undersigned (1) outlined the Eighth-Amendment standard applicable to excessive-force claims, (2) explained to Plaintiff why his allegations failed to satisfy that standard, and (3) ordered Plaintiff to replead or file a notice of voluntary dismissal by September 27, 2024. *Id.* The undersigned warned Plaintiff that failure to comply with the order likely would result in dismissal of this case for failure to prosecute, failure to comply with a court order, and failure to state a claim on which relief can be granted. *Id.* at 9.

To date, Plaintiff has not complied with the August 28 order, and has not responded to the 14-day show-cause order entered on October 15, 2024. Doc. 13.

## II.  DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte*

for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962).

Plaintiff has failed to comply with two court orders. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

### III. CONCLUSION

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to comply with court orders and failure to prosecute.

2. The clerk of court be directed to close this case file.

At Panama City, Florida, this 13th day of November, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's**

**internal use only.** **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**